

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00183-CR

TOMMY RAY DILLARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,841

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Tommy Ray Dillard pled guilty to possession of less than one gram of a Penalty Group 1 controlled substance[1] pursuant to a plea agreement. In accordance with the sentencing recommendations included in the plea agreement, the trial court sentenced Dillard on May 18, 2015, to two years' incarceration, suspended that sentence, and placed Dillard on three years' community supervision. Subsequently, in August 2015, the State moved to revoke Dillard's community supervision, alleging that Dillard had committed nine different violations of the conditions of his community supervision. Dillard pled "true" to all nine of the violations alleged by the State, and following the presentation of punishment evidence, the trial court sentenced Dillard to twenty-four months' incarceration. Dillard appeals.

Dillard's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

Counsel forwarded copies of his brief and motion to withdraw to Dillard and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Dillard with a complete copy of the appellate record in this matter. We received neither a pro se response from Dillard nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]


                                              Ralph K. Burgess
                                              Justice


Date Submitted:       March 24, 2016
Date Decided:         June 6, 2016

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Dillard in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Dillard desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.